IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT L. EVERETTE, JR. \*
    Plaintiff,
  v.      \*    CIVIL ACTION NO. DKC-15-3955

OFFICE OF THE STATES ATTORNEY    \*
    Defendant.
                                     \*\*\*\*\*

## MEMORANDUM OPINION

On December 22, 2015, the court received for filing a self-represented Complaint submitted by Robert L. Everette, Jr. ("Everette") a State inmate confined at the Brockbridge Correctional Facility in Jessup, Maryland. Everette claims that Defendant, the Office of the Baltimore County State's Attorney, committed "misconduct" when it singled him out for "selective prosecution" knowing that other persons were seen on video surveillance committing the crimes.[1] ECF No. 1. Everette seeks $2,500,000.00 in damages. Insofar as Everette alleges civil rights violations against a state actor, his action shall be construed as a civil rights action under 42 U.S.C. § 1983.

Although Everette has failed to remit the $400.00 civil filing fee or to move to proceed in forma pauperis, he shall not be required to cure this deficiency. The Complaint shall be dismissed *sua sponte* for the failure to state a claim.

This represents the third time that Everette has attacked his Maryland prosecution in this court. On November 30, 2015 and December 14, 2015, the court received for filing the cases of *Everette v. Office of the Public Defender, et al.*, Civil Action No. DKC-15-3649 (D. Md.) and *Everette v. Office of the State Attorney, et al.*, Civil Action No. DKC-15-3818 (D. Md.). Everette sued his court-appointed attorney and prosecutors alleging that he received ineffective assistance of

---

[1] The state court docket indicates that on July 28, 2015, Everette entered a plea under *North Carolina v. Alford*, 400 U.S. 25 (1970) to two counts of burglary fourth-degree theft and one count of theft under $1,000. *See State v. Everette*, 03K14003740 (Circuit Count for Baltimore County). He received a cumulative four-year, six-month sentence. *See* http://casesearch.courts.state.md.us/casesearch/inquiry.

counsel and was subject to prosecutorial misconduct. The cases were summarily dismissed on December 3 and 22, 2015.

Again, Everette's claim against the prosecutor is not colorable. The Office of the State's Attorney is immune from Everette's § 1983 claims for damages. A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). Decisions regarding whether and who to prosecute lie within those prosecutorial functions.

Because Everette's § 1983 Complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," his case shall be dismissed for the failure to state a claim. A separate Order follows dismissing this case.

Date:   December 31, 2015                              /s/
                                                       DEBORAH K. CHASANOW
                                                      United States District Judge